UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STERLING KNIGHT PHARMACEUTICALS LLC,

    Movant,

v.                                                                      Case No. 8:19-mc-27-T-30AEP

UNITED STATES POSTAL SERVICE,
OFFICE OF INSPECTOR GENERAL,

    Respondent.
_____/

## **ORDER**

This cause came before the Court for a hearing upon Movant Sterling Knight Pharmaceuticals LLC's ("Sterling") Motion to Quash Administrative Subpoena Pursuant to the Right to Financial Privacy Act of 1978 (Doc. 1) and the Respondent United States Postal Service Office of Inspector General's (the "OIG") response in opposition thereto, which the OIG filed under seal. By the motion, Sterling seeks to quash an administrative subpoena issued by the OIG, which requests records related to Sterling's Account No. ___8793 with SunTrust Bank. Sterling requests such relief pursuant to the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 *et seq.*, in accordance with the Customer Notice attached to the administrative subpoena served upon it by the OIG (Doc. 1, Comp. Ex. A).

Notwithstanding the information provided by the OIG in the Customer Notice, the OIG contends that the RFPA does not apply to Sterling, as Sterling does not qualify as a "customer" under the RFPA. The RFPA defines a "customer" as:

> any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name.

12 U.S.C. § 3401(5). Under the RFPA, a "person" means "an individual or a partnership of five or fewer individuals." 12 U.S.C. § 3401(4). The definitions of "customer" and "person" do not, however, include limited liability companies. *Hohman v. United States*, Case No. 16-cv-11429, 2017 WL 2954713, at *6 (E.D. Mich. July 11, 2017) ("A limited liability company is neither an individual nor a partnership of fewer than five individuals. Thus, a limited liability company is not a 'person' under the RFPA, and because such a company is not a 'person,' it cannot be a 'customer.'"); *Flatt v. U.S. Sec. & Exch. Comm'n*, No. 10-60073-MC, 2010 WL 1524328, at *3 (S.D. Fla. Apr. 14, 2010) (concluding that a LLC did not meet the definition of "person" or "customer" under the RFPA).

Indeed, Sterling does not dispute that, as a limited liability company, it does not qualify as a customer or person under the RFPA. Rather, Sterling argues that the OIG should be estopped from making such argument given the documentation the OIG provided to Sterling, which explained the relief available to Sterling under the RFPA. Such argument lacks merit. Namely, the right to file a motion to quash an administrative subpoena under the RFPA belongs to customers. 12 U.S.C. § 3410(a). Since Sterling does not qualify as a customer under the RFPA, it maintains no such right despite any documentation provided to it by the OIG.

Regardless, even if the RFPA applied to Sterling, the motion to quash would still be denied. In considering a motion to quash an administrative subpoena under the RFPA, courts apply the following standard:

> If the court finds that the applicant is not the customer to whom the financial records sought by the Government authority pertain, or that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall deny the motion or application, and, in the case of an administrative summons or court order other than a search warrant, order such process enforced. If the court finds that the applicant is the customer to whom the records sought by the Government authority pertain, and that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, or

> that there has not been substantial compliance with the provisions of this chapter, it shall order the process quashed or shall enjoin

12 U.S.C. § 3410(c). In this instance, the OIG demonstrated the existence of a legitimate law enforcement inquiry and a reasonable belief that the records sought by the administrative subpoena are relevant to that inquiry. As a result, the OIG established a basis for denial of Sterling's motion to quash. For the foregoing reasons, therefore, it is hereby

ORDERED:

1. Sterling's Motion to Quash Administrative Subpoena Pursuant to the Right to Financial Privacy Act of 1978 (Doc. 1) is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 20th day of May, 2019.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

3